# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| Joshua Blair, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Receivables Management Partners, LLC, d/b/a RMP, LLC, a Delaware limited liability company,<br><br>Defendant. | No.  1:21-cv-930<br><br>Jury Demanded |

## COMPLAINT – CLASS ACTION

Plaintiff, Joshua Blair, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's form debt collection letter violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.  Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

## PARTIES

3.  Plaintiff, Joshua Blair ("Blair"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt, which was allegedly owed for medical services.

4.      Defendant, Receivables Management Partners, LLC, d/b/a RMP, LLC ("RMP"), is a Delaware limited liability company, based in Indianapolis, Indiana, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts that it did not originate, in the State of Indiana. In fact, Defendant RMP was acting as a debt collector as to the defaulted consumer debt at issue here.

5.      Defendant RMP is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant conducts business in Indiana.

6.      Defendant RMP is licensed as a debt collection agency in the State of Indiana, see, record from NMLS Consumer Access, attached as Exhibit B. In fact, Defendant acts as a collection agency in Indiana.

**FACTUAL ALLEGATIONS**

7.      Defendant sent Mr. Blair an initial form collection letter, dated March 3, 2021. This collection letter stated "Creditor Southeast", and also stated "[T]he past due account(s) was referred to RMP, LLC for billing by the creditors listed herein", but listed below was only the name "Southeast".  A copy of Defendant's collection letter is attached as Exhibit C.

8.      The letter failed to state what "Southeast" entity was owed the debt, which makes the listing of just "Southeast" useless to identify the name of the creditor to whom the debt was owed. In fact, in Indianapolis there are many entities with the word Southeast in their name, as "Southeast" is a geographical description of a portion of the city: a search of the Indiana Secretary of State's records for businesses with the word

"Southeast" in their name produces 748 hits, see, search results from the Indiana Secretary of State, attached as Exhibit D.

9. Because the letter did not explain what "Southeast" entity was owed the debt, Defendant's letter failed to effectively state the name of the creditor to whom the debt was then owed. Indeed, when he received Defendant's letter, Mr. Blair was uncertain as to whom he owed the debt at issue, which uncertainty worried and concerned him, and adversely impacted his debt management choices, to his detriment.

10. Ultimately, Mr. Blair had to expend time and effort to learn that the "Southeast" entity that was owed the debt was Southeast Anesthesia.

11. Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision-making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Moreover, the identification of the creditor is such a factor because, amongst other things, it is a factor for a consumer in determining whether an attempt to collect a debt is fraudulent, see, Janetos v. Fulton, Friedman & Gullace, 825 F.3d 317, 319-25 (7th Cir. 2016). In fact, collections communications that would be a detriment to a consumer's debt management choices constitute an injury-in-fact, see, Bazile v. Fin.Sys of Green Bay, 983 F.3d 274, 281 (7th Cir. 2021). Plaintiff was, in fact, confused as to whom he owed this debt, and Defendant's failure to identify effectively the name of the creditor to whom the debt was owed adversely affected his debt management choices.

12. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## Violation Of § 1692g(a)(2)
## Failure To Identify Effectively The Name Of The Creditor

14. Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, they had to provide Mr. Blair with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed", see, 15 U.S.C. § 1692g(a)(2).

15. Defendant's form collection letter violates § 1692g(a)(2) of the FDCPA because it failed to identify effectively the current creditor to whom the debt was owed, see, Janetos, 825 F.3d at 321-23; see also, Steffek v. Client Services, Inc., 948 F.3d 761, 766-67 (7th Cir. 2020).

16. Defendant's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

17. Plaintiff, Joshua Blair, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendant attempted to collect a defaulted consumer debt allegedly owed for a Southeast Anesthesia debt, via the same form collection letter (Exhibit C), that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form collection letter violates the FDCPA and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

18. Defendant regularly engages in debt collection, using the same form collection letter it sent Plaintiff Blair, in its attempts to collect defaulted consumer debts from other consumers.

19. The Class consists of more than 35 persons from whom Defendant attempted to collect defaulted consumer debts by sending other consumers the same form collection letter it sent Plaintiff Blair.

20. Plaintiff Blair's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

21. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

22. Plaintiff Blair will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.

Moreover, Plaintiff Blair has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Joshua Blair, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Blair as Class Representative of the Class, and his attorneys as Class Counsel;

3. Find that Defendant's form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Blair and the Class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Joshua Blair, individually and on behalf of all others similarly situated, demands trial by jury.

                                             Joshua Blair, individually and on behalf
                                             of all others similarly situated,

                                             By: /s/ David J. Philipps
                                             One of Plaintiff's Attorneys

Dated:  April 15, 2021

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
John Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
John@johnsteinkampandassociates.com